# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
|     d/b/a Fresh Harvest Market | ) | |
|     Debtor and Debtor in Possession | ) | Judge Schmetterer |
| | ) | |
| Jointly Administered with: | ) | |
| | ) | |
| | ) | Chapter 11 |
| Cecelia N. Johnson | ) | Case No. 09-37011 |
|     Debtor and Debtor in Possession | ) | |
| | ) | |
| M&I Bank, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 01339 |
| | ) | |
| Cecelia N. Johnson | ) | |
|     Defendant. | ) | |

## NOTICE OF MOTION

To:    See attached service list

    PLEASE TAKE NOTICE that on **February 11, 2010 at 10:30 a.m.,** the undersigned will appear before the Honorable Judge Jack B. Schmetterer, Bankruptcy Judge, in Courtroom 682, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois the Bankruptcy Court for the Northern District of Illinois, Eastern Division, and shall then and there present **DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(B)**, a copy of which is enclosed herewith and served upon you.

                                                     /s/ Forrest L. Ingram

Forrest L. Ingram, #3129032
Philip Groben
Vik Chaudhry
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

## CERTIFICATE OF SERVICE

      I, Forrest L. Ingram, an attorney, certify that I have served a true and correct copy of the above and foregoing notice and the documents to which it refers on those whose names appear on the attached services list by electronic case filing, or by US Mail, as indicated on the list, on January 29, 2010.

/s/Forrest L. Ingram

## SERVICE LIST

**Via CM/ECF**
**US Trustee**
William T. Neary
Office of the United States Trustee
Northern District of Illinois
219 S. Dearborn St., Room 873
Chicago, IL 60604

**M&I Bank**
c/o Steven C Lindberg
Freedman Anselmo Lindberg and Rappe
1807 W Diehl Road
Suite 333
Naperville, IL 60566

**Via U.S. Mail**
**Debtor**
Cecelia Johnson
6448 S. Eberhart
Chicago, IL 60637

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
|    d/b/a Fresh Harvest Market | ) | |
|    Debtor and Debtor in Possession | ) | Judge Schmetterer |
| | ) | |
| Jointly Administered with: | ) | |
| | ) | |
| | ) | Chapter 11 |
| Cecelia N. Johnson | ) | Case No. 09-37011 |
|    Debtor and Debtor in Possession | ) | |
| _____ | ) | |
| | ) | |
| M&I Bank, | ) | |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 01339 |
| | ) | |
| Cecelia N. Johnson | ) | |
|    Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT TO DETERMINE**
**DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(B)**

NOW COMES the Defendant Cecelia N. Johnson ("Defendant" or "Debtor"), by and through her attorneys, and moves this Court to strike Plaintiff's complaint and to dismiss the above captioned adversary case complaint ("Complaint") filed by Plaintiff M&I Bank for lack of standing as well as a failure to comply with the Federal Rules of Civil Procedure. Defendant states as follows:

1. On October 5, 2009, the Debtor filed a voluntary chapter 11 petition in the Northern District of Illinois, Case No. 09-37011.

2. On December 30, 2009, Plaintiff M&I Bank ("Plaintiff") filed the above captioned Adversary Complaint, 09-01339, to determine the dischargeability of debt.

3. On January 5, 2010, this Court entered an order granting Debtor's motion for Joint Administration with Lead Case My Ranch, Inc.: Case No. 09-35697.

## PLAINTIFF'S LACK OF STANDING

4. Plaintiff has no discernable standing to bring this action.

5. In deciding whether Plaintiff has standing, a court must consider the allegations of fact contained in Plaintiff's declaration and other documents and affidavits in support of his assertion of standing. *See Warth v. Seldin*, 422 U.S. 490, 501 (1974).

6. In her bankruptcy schedules, the Debtor listed Swift Financial as a creditor. She did not list M&I Bank as a creditor.

7. Plaintiff's Complaint alleges, without substantiation of any kind, that Plaintiff is the same entity as M&I Bank. No supporting documentation or affidavit is attached to the complaint.

8. The Complaint also alleges this Court has jurisdiction pursuant to § 523(a)(2)(B) of the Bankruptcy Code. Section 523(a)(2)(B) does not grant this Court with jurisdiction to hear this adversary proceeding. The section only lists one exception to discharge

9. Therefore, Plaintiff has no standing to bring its Complaint before this Court, and the entire Complaint should be stricken as legally insufficient per Federal Rule of Civil Procedure 12(f). Rule of Bankruptcy Procedure 7012.

## PLAINTIFF'S COMPLAINT DOES NOT CONFORM TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) OR 12(b)(6).

10. Rule 9(b) of the Federal Rules of Civil Procedure requires: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) applies in adversary proceedings through operation of Rule of Bankruptcy Procedure 7009.

2

11. The U.S. Supreme Court held that this heightened pleading requirement mandates that plaintiffs include enough facts in their complaint to make it plausible that they will be able to prove facts to support their claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

12. In addition to the Plaintiff's lack of standing referenced in paragraphs one through nine, the Plaintiff does not meet its burden of particularity in alleging the existence of fraud. No specific allegations show a plausibility that Plaintiff will be able to prove Defendant intentionally misrepresented herself to the Plaintiff, or that Defend intended to misrepresent herself to the Plaintiff.

13. Further, Plaintiff attempts to allege a breach of a written contract, but fails to attach the subject contract to the Complaint.

14. As such, Plaintiff's complaint fails to state a legally sufficient claim pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable through Rule of Bankruptcy Procedure 7012.

**PLAINTIFF'S COMPLAINT FAILS TO STATE WHETHER IT IS A CORE OR NON-CORE PROCEEDING.**

15. Rule of Bankruptcy Procedure 7008 states: "In an adversary proceeding before a bankruptcy judge, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge."

16. Plaintiff's Complaint does not contain such statement declaring this matter a core proceeding or non-core proceeding, and is therefore legally insufficient.

**EFFECT OF DISCHARGEABILITY OF DEBT UNDER § 523**

17. Defendant asks this Court to grant judgment in favor of the Debtor for the costs, of, and reasonable attorney's fees for, the defense against Plaintiffs Complaint pursuant to §523(d) as the position of M&I Bank was not substantially justified.

**WHEREFORE**, Debtor prays that this Court Strike the Plaintiff's Complaint in its entirety, to dismiss this adversary case, and to award costs and attorney's fees to the Debtor for her defense against Plaintiff's legally insufficient Complaint, and such other and further relief as may be just.

        Respectfully submitted,
        Cecelia N. Johnson

        By:    /s/ Philip Groben
                  One of her attorneys

Forrest L. Ingram #3129032
Philip Groben
Vik Chaudhry
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838