## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

(B09110020)
IN RE;

| | |
|---|---|
| ] | Bankruptcy No. 09-35697 |
| Cecilia Johnson, ] | |
|    Debtor ] | Judge Jack Schmetterer |
| ] | |
| Swift Financial/M & I BANK FSB ] | |
|    Plaintiff ] | Adversary No. 09-01339 |
| ] | |
|    Vs. ] | |
| ] | |
| Cecilia Johnson ] | |
|    Defendant ] | |

**AMENDED COMPLAINT SEEKING NONDISCHARGEABILITY OF DEBT**

Plaintiff Swift Financial/M & I Bank for its Complaint Seeking Nondischargeability of Debt against Defendant Cecilia Johnson, states and alleges as follows:

JURISDICTION

1. This court has jurisdiction over this cause pursuant to 28 U.S.C. Sec 1334. This is a core proceeding pursuant to 28 U.S.C. sec 157(b)(2)(I); and venue of this adversary proceeding is with this Court pursuant to 28 U.S.C. Sec 1408 in that Defendant is a debtor in this bankruptcy proceeding and a resident of the State of Illinois. That this complaint is brought pursuant to Sec. 523(a)(2)(A) and Sec 523(a)(4) of the Bankruptcy Code.

GENERAL BACKGROUND FACTS

2. Plaintiff , Swift Financial/M & I Bank  FSB , is the lender of the unsecured line of credit that is the subject of this lawsuit which was originated by telephone with a company called Swift Financial Corporation, and that as reflected in attached exhibit hereto Swift Financial Corp and Swift Financial/M & I Bank (hereinafter referred to as "lender") are to be treated as one and the same entity for purposes of the credit line agreement, as per exhibit #1 attached hereto and

made a part hereof.

3. Cecilia Johnson (hereinafter referred to as "Debtor") filed her petition for relief under Chapter 7 of the Bankruptcy Code on October 5, 2009.

4. Pursuant to information given to lender, Debtor is or was owner of a business called Amoah Enterprises LLC (hereinafter referred to as "Amoah").

5. Debtor applied for the unsecured line of credit loan for Amoah that is the subject of this lawsuit from Lender by telephone while acting in a fiduciary capacity for Amoah.

## DESCRIPTION OF LENDER'S LOAN

6. On or about February 21, 2008, Debtor telephonically applied for and obtained an unsecured line of credit from Lender with a maximum credit limit of $20,000.00 for Amoah as borrower. The loan is evidenced by a certain Line of Credit Agreement and the supporting loan application (collectively, the "Note") which provides that its terms are ratified upon the borrower writing a check to activate the line of credit. Subsequent to obtaining the unsecured line of credit, the Debtor activated the line of credit.

7. That on February 22, 2008, Lender wire transferred $19,500.00 to the account of Amoah per the request of Debtor as per exhibit #2 attached hereto and made a part hereof.

8. That pursuant to the terms of the Line of Credit Agreement (exhibit #1) Debtor is jointly and individually liable for all obligations arising out of the loan transaction.

9. On or about February 21, 2008, Debtor represented to the Lender by way of a telephonic loan application that she earned $88,000.00 from her grocery business in 2007. A true and accurate copy of the summary of the telephonic loan application is attached hereto as exhibit #3 and made a part hereof.

## DEFAULTS

10. That pursuant to the Bankruptcy Statement of Financial Affairs filed by Debtor her

personal income for the year 2007 was $42,500.00.

11. Upon information and belief, in order to induce Lender to approve the loan, Debtor made verbal representations to Lender during the telephonic loan application process that overstated and misrepresented the Debtor's personal income. Lender reasonably relied upon Debtor's representations during the telephonic loan application process in approving the February loan to Debtor.

12. But for the verbal representations made by Debtor, Lender would not have approved the loan to Debtor.

13. Lender has sound reason to believe that certain of the verbal representations made by Debtor in February, 2008, during the telephonic loan application concerning the Debtor's personal income were false and misleading, and done so intentionally.

14. Debtor made the false and misleading representations while acting on behalf of her business, and did so in a fiduciary capacity as part owner of the Corporation.

15. That Amoah and Debtor have defaulted on their obligations to Lender by failing to make payments to Lender since June, 2009.

16. As of the filing of the bankruptcy petition, the balance owing under the loan agreement was $19,969.18.

17. That as a result of Debtor's actions Lender has suffered damages in the amount of $19,969.18.

COUNT I- NONDISCHARGEABILITY OF DEBT Sec 523(a)(2)(A)

18. Lender realleges and incorporates all prior paragraphs hereof as if they were fully set forth herein.

19. That the indebtedness owed to Lender was obtained by false pretenses, false

representations, or actual fraud and is a nondischargeable debt pursuant to Sec 523(a)(2)(A) of the Bankruptcy Code.

20. That pursuant to the Line of Credit Agreement Lender is also entitled to reasonable attorney fees and costs for seeking to collect this debt.

WHEREFORE, Swift Financial/M & I Bank prays for relief on Count I of this complaint against Cecilia Johnson for a determination of nondischargeability of debt of the loan made by Swift Financial/M & I Bank to Debtor, and for judgment in the amount of $19,969.18 plus attorney fees and costs, and for such other relief as this court may deem just.

COUNT II- NONDISCHARGEABILITY OF DEBT Sec 523(a)(4)

21. Lender realleges and incorporates all prior paragraphs hereof as if they were fully set forth herein.

22. Upon information and belief, the indebtedness owed to Lender was obtained by Debtor by fraud or defalcation while acting in a fiduciary capacity.

23. As a result of Debtor's fraud or defalcation while acting in a fiduciary capacity the indebtedness owed to lender in nondischargeable pursuant to Sec. 523(a)(4) of the Bankruptcy Code.

**WHEREFORE**, Swift Financial/M & I Bank prays for relief on Count II of this complaint for a determination that the debt owed to Swift Financial/M & I Bank by Cecilia Johnson be declared nondischargeable and for judgment thereon in the sum of $19,969.18 plus attorney fees and costs, and for such other relief as this court may deem just.

Swift Financial/M & I Bank

By:/s/Steven C. Lindberg
One of the Attorneys

FREEDMAN, ANSELMO, LINDBERG & RAPPE, LLC

1807 W. Diehl Rd., Ste 333

Naperville, IL  60566-7228
630-983-0770     866-402-8661
630-428-4620 (fax)
Attorney No.   Cook 26122, DuPage 42005, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232
Steven Lindberg- 3126232, Louis Freedman- 3126104, Thomas Anselmo- 3125949
Robert Rappe- 6201817 Doug Oliver - 6273607, Barbara Nilsen- 6287524
Clay R. Mosberg- 1972316, Vincent A. Chavarria- 6291469
Jason A. Newman, Of Counsel,- 6275591, Cook-  39765

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**