# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
|    d/b/a Fresh Harvest Market | ) | |
|    Debtor and Debtor in Possession | ) | Judge Schmetterer |
| | ) | |
| Jointly Administered with: | ) | |
| | ) | |
| | ) | Chapter 11 |
| Cecelia N. Johnson | ) | Case No. 09-37011 |
|    Debtor and Debtor in Possession | ) | |
| _____ | ) | |
| | ) | |
| M&I Bank, | ) | |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 01339 |
| | ) | |
| Cecelia N. Johnson | ) | |
|    Defendant. | ) | |

## NOTICE OF MOTION

To:   See attached service list

     PLEASE TAKE NOTICE that on **March 30, 2010 at 10:30 a.m.,** the undersigned will appear before the Honorable Judge Jack B. Schmetterer, Bankruptcy Judge, in Courtroom 682, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois the Bankruptcy Court for the Northern District of Illinois, Eastern Division, and shall then and there present **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT SEEKING NONDISCHARGEABILITY OF DEBT**, a copy of which is enclosed herewith and served upon you.

                                          /s/ Philip Groben

Forrest L. Ingram, #3129032
Philip Groben
Vik Chaudhry
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838

## CERTIFICATE OF SERVICE

I, Philip Groben, an attorney, certify that I have served a true and correct copy of the above and foregoing notice and the documents to which it refers on those whose names appear on the attached services list by electronic case filing, or by US Mail, as indicated on the list, on March 12, 2010.

/s/    Philip Groben

## SERVICE LIST

**Via CM/ECF**
**US Trustee**
William T. Neary
Office of the United States Trustee
Northern District of Illinois
219 S. Dearborn St., Room 873
Chicago, IL 60604

**M&I Bank**
c/o Steven C Lindberg
Freedman Anselmo Lindberg and Rappe
1807 W Diehl Road
Suite 333
Naperville, IL 60566

**Via U.S. Mail**
**Debtor**
Cecelia Johnson
6448 S. Eberhart
Chicago, IL 60637

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
|    d/b/a Fresh Harvest Market | ) | |
|    Debtor and Debtor in Possession | ) | Judge Schmetterer |
| | ) | |
| Jointly Administered with: | ) | |
| | ) | |
| | ) | Chapter 11 |
| Cecelia N. Johnson | ) | Case No. 09-37011 |
|    Debtor and Debtor in Possession | ) | |
| _____ | ) | |
| | ) | |
| M&I Bank, | ) | |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 01339 |
| | ) | |
| Cecelia N. Johnson | ) | |
|    Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**
**SEEKING NONDISCHARGEABILITY OF DEBT**

NOW COMES the Defendant Cecelia N. Johnson ("Mrs. Johnson" or "Debtor"), by and through her attorneys, and moves this Court to dismiss Plaintiff's Amended Complaint and to dismiss the above captioned adversary case ("Adversary") filed by Plaintiff M&I Bank due to a failure to comply with the Federal Ruled of Civil Procedure. Mrs. Johnson states as follows:

1. On October 5, 2009, the Mrs. Johnson filed a voluntary chapter 11 petition in the Northern District of Illinois, Case No. 09-37011. Upon a motion by the Debtor, Case No 09-37011 is now jointly administered with lead case My Ranch, Inc., Case No. 09-35697.

2. On December 30, 2009, Plaintiff M&I Bank ("Plaintiff") filed the above captioned Adversary Complaint, 09-01339, to determine the dischargeability of debt.

1

3. Upon motion of Mrs. Johnson, Plaintiff's complaint was dismissed without prejudice on February 9, 2010.

4. Plaintiff filed its Amended Complaint on February 26, 2010. Count I of Plaintiff's Amended Complaint asks for relief under 11 U.S.C. § 523(a)(2)(A). Count II of Plaintiff's Amended Complaint asks for relief under 11 U.S.C. § 523(a)(4).

**COUNT I OF PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED AS IT FAILS TO ADEQUATELY STATE A CLAIM UNDER 11 U.S.C. § 523(a)(2)(A)**

5. A complaint will only survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) if its factual allegations are strong enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Federal Rule of Civil Procedure 12(b) – (h) applies in bankruptcy adversary proceedings through operation of Federal Rule of Bankruptcy Procedure 7012.

6. Bankruptcy Code section 523(a)(2)(A) states,

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other then a statement respecting the debtor's or an insider's financial condition

11 U.S.C. § 523(a)(2)(A).

7. Rule 9(b) of the Federal Rule of Civil Procedure requires, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Federal Rule of Civil Procedure 9(b) applies in adversary proceedings through operation of Federal Rule of Bankruptcy Procedure 7009.

2

8. The U.S. Supreme Court held that this heightened pleading requirement mandates that plaintiffs include enough facts in their complaint to make it plausible that they will be able to prove facts to support their claims. *Twombly*, 550 U.S. at 555-58.

9. Pursuant to the above case law and statutes, Plaintiff's Amended Complaint is deficient pursuant to 12(b)(6) for two reasons:

**The Amended Complaint Plaintiff has presented does not sufficiently allege fraud on the part of Mrs. Johnson**

10. During the hearing on the initial complaint, which took place February 9, this Court took particular interest in the lack of supporting documents which showed Mrs. Johnson entered into a personal guarantee.

11. As before, the Plaintiff has failed to present this Court with a single piece of paper with the signature of Cecelia N. Johnson.

12. Similarly, the Plaintiff has failed to produce a piece of paper showing an intent for Cecelia N. Johnson to personally guarantee an unsecured line of credit.

13. The exhibits attached to the Amended Complaint do not support any of the Amended Complaint's allegations.

14. Exhibit 1 is an "agreement" which purports to be a line of credit between M&I Bank and Cecelia Johnson; not between M&I Bank and Amoah Enterprises, LLC ("Amoah") as alleged in paragraph 6 of the Amended Complaint.

15. Exhibits 2 and 3 are simply internal documents from M&I Bank and do not support any of Plaintiff's vague allegations.

**Section 523(a)(2)(A) clearly provides an exception to the false pretenses, representation, or actual fraud.**

3

16. Relief under 523(a)(2)(A) cannot be premised upon statements respecting the debtor's, or an insider of the debtor, financial condition.

17. For the purposes of 12(b)(6), the Court must assume that the allegations found in paragraphs 9, 11, 12, and 13 of the Amended Complaint are true.

18. Those above paragraphs all contain allegations that Mrs. Johnson misrepresented her personal income.

19. The Tenth Circuit stated,

> Title 11, United States Code § 523(a)(2)(A) generally bars the discharge of the debts of an individual debtor to the extent that those debts were obtained by false pretenses, a false representation, or actual fraud. However, to the extent that those debts were obtained by the use of a false oral statement respecting the debtor's or an insider's financial condition, they are dischargeable. We hold that such false statements are those that purport to present a picture of the debtor's overall financial health. Statements that present a picture of a debtor's overall financial health include those analogous to balance sheets, income statements, statements of changes in overall financial position, or income and debt statements that present the debtor or insider's net worth, overall financial health, or equation of assets and liabilities.

*In re Joelson*, 427 F.3d 700, 714 (10th Cir. 2005).

20. Any alleged false statements regarding Mrs. Johnson's income in 2007 is simply a statement of her financial condition. Plaintiff has, in effect, pled itself out from relief pursuant to § 523(a)(2)(A).

**COUNT II OF PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED AS IT FAILS TO ADEQUATELY STATE A CLAIM UNDER 11 U.S.C. § 523(a)(4)**

21. Plaintiff's allegations in Count II do not rise to the heightened fraud pleading requirements of Federal Rule of Civil Procedure 12(b)(6).

22. Section 523(a)(4) states, "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

4

23. Plaintiff alleges Mrs. Johnson is a "part owner" of Amoah, and therefore Mrs. Johnson acted in a fiduciary capacity.

24. The fiduciary relationship required under § 523(a)(4) arises from state and federal law. *See In re Frain*, 230 F.3d 1014, 1016-17 (7th Cir. 2000). Plaintiff has failed to cite to any authority which might give rise to the fiduciary relationship.

25. Judge Squires wrote that simply being a shareholder of a corporation, or employee of a corporation, does not place a debtor in an express or technical fiduciary capacity for purposes of § 523(a)(4). *See In re Basel Van Aswegen*, 366 B.R. 850 (Bankr. N.D. Ill. 2007).

26. The above pleadings does not rise to the requirements of Federal Rule of Civil Procedure 12(b)(6); let alone the heightened pleading requirements mandated by Federal Rule of Civil Procedure 9(b) which also must apply to 11 U.S.C. § 523(a)(4). Plaintiff's Amended Complaint has again failed to rise above mere speculation.

**WHEREFORE**, Debtor prays that this Court Dismiss the Plaintiff's Amended Complaint in its entirety, to dismiss this adversary case, and to award costs and attorney's fees to the Debtor for her defense against Plaintiff's legally insufficient Complaint, and such other and further relief as may be just.

                                      Respectfully submitted,
                                      Cecelia N. Johnson

                            By:   /s/ Philip Groben
                                  One of her attorneys

Forrest L. Ingram #3129032
Philip Groben
Michael Ohlman
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

5