**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

(B09110020)
IN RE;

| | | |
|---|---|---|
| **Cecilia Johnson,** | ] | **Bankruptcy No. 09-35697** |
| Debtor | ] | |
| | ] | **Judge Jack Schmetterer** |
| **Swift Financial/M & I BANK FSB** | ] | |
| Plaintiff | ] | **Adversary No. 09-01339** |
| | ] | |
| Vs. | ] | |
| | ] | |
| **Cecilia Johnson** | ] | |
| Defendant | ] | |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT**

Now comes the plaintiff M & I Bank by and through its attorneys, and responds to the

Defendant's Motion to Dismiss Plaintiff's Amended Complaint as follows:

Defendant's Motion to Dismiss Count I of the complaint is founded on two bases;

(1) That the complaint is deficient in alleging fraud because there are not any supporting documents

attached to the complaint with Defendant's signature affixed.  As such, defendant alleges she cannot

be held to have personally guaranteed the line of credit.  (2) Defendant interprets Sec 523(a)(2)(A) of

the Bankruptcy Code to mean that any statement made by the Defendant as to her income is a

statement of her financial condition, and may, therefore, not be the basis for an objection to

dischargeability of debt pursuant to that section.

As to the first defense raised by the Motion, Exhibit #1 attached to the complaint is a copy of

the swift Business Line of credit Agreement.  Under the heading "Acceptance" it states:

"You agree that by writing checks drawn or activating a card access device
Linked to your Swift Business Line of Credit or otherwise accessing or

>accepting Loan proceeds or notifying us of your acceptance, you will have automatically accepted the terms and conditions of your loan..."

The next subheading of the agreement is entitled "Promise to Pay", and states:

>"You, both individually and on behalf of the Company, jointly and severally promise to pay us..."

The complaint clearly alleges that Defendant contacted Plaintiff to apply for the loan, and then defendant requested that Plaintiff wire transfer the loan proceeds to her business. She therefore, accepted the terms of the Credit Line Agreement. To ignore this fact would be to treat the loan as a gift by Plaintiff to Defendant. Defendant states that pursuant to Rule 9(b) of the Federal Rules of Civil Procedure Plaintiff must state with particularity the circumstances constituting fraud.  The complaint clearly alleges that Defendant purposely misrepresented her income in order to induce Plaintiff to grant her the loan.  The Supreme Court has confirmed that notice pleading was still alive and that specific facts are not required to withstand a motion to dismiss. <u>Erickson V. Pardus</u>, 551 U.S. 89, 127 S.CT. 2197 (2007).  The Defendant has cited the case of <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544 (2007) as standing for the proposition that Plaintiff include enough facts in the complaint to make it plausible they will be able to prove facts to support the claim. The <u>Twombly</u> court expressly stated that the plaintiff must state factual allegations with slightly greater particularity than required under Rule 8 of the Rules of Procedure. The complaint in the instant case specifically alleges the misrepresentation of income by the Defendant. The complaint did not just parrot the provisions of Sec 523(a)(2)(A) of the Bankruptcy Code.  Furthermore, the complaint need only describe enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim alleged in the complaint.  <u>See Philips v. County of Allegheny</u>, 515 F3d 224 (3rd Cir 2008).  The complaint refers to the fact that there was a telephonic communication between the parties which was the application for the loan. This communication was tape recorded and can be presented as evidence. The complaint need not have

attached all evidence that will be presented at trial. The complaint clearly states a cause of action and should not be dismissed.

The second basis for Defendant requesting dismissal is premised on the language of Sec 523(a)(2)(A) of the Bankruptcy Code excepting from discharge money obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition. The only issue involved is whether the misrepresentation of Defendant's income is equivalent to a statement respecting her financial condition.

It would stretch the imagination to maintain that a reference to an individual's income would inform anyone of that person's financial condition. One person earning $50,000.00 yearly may have no debts and be very solvent. Another person earning the same income may be mired in debt and be insolvent. The same would be true if the subject matter were the value of one's home. The value of the asset would not correctly inform anyone of the financial condition. Knowing that someone owned a home worth $800,000.00. would be a meaningless piece of financial information without knowing the mortgage balance. The defendant cited the matter of In Re Joelson, 427 F3d 700 (10th Cir. 2005) as standing for the proposition that the reference to Defendant's income bars relief under Sec 523(a)(2)(A). In fact, the Joelson case holds just the opposite. That court held that the false statement must present a picture of the Defendant's overall financial health. The court discussed the two judicial viewpoints presented by the issue. Some courts have adopted the "Broad Interpretation" which maintains that any communication that has a bearing on the debtor's financial position, including a communication regarding a single asset, qualifies as a statement respecting a financial condition. See In Re Chivers, 275 BR 606 (Bankr. D. Utah 2002). The Joelson Court disagreed with this interpretation and followed the "Restrictive Interpretation" which requires the statement to be one which presents the Debtors overall financial position such as net worth or overall financial health.

From the examples presented above regarding knowledge of income or home value, it is clear that the "Restrictive Interpretation" is the proper and sensible interpretation of Sec 523(a)(2)(A). Judge Perkins in the Central District of Illinois agrees with the finding in Joelson where he has stated that a debtor's oral misrepresentation about value of a single asset or concerning a single aspect of the equation of a debtor's assets/income/liabilities is actionable under Sec 523(a)(2)(A). <u>In Re Larson</u>, 2009 WL 1705714 (C.D.Il. 2009).

Once one accepts the fact that Sec 523(a)(2)(A) is applicable to the case at bar, then one moves one to determine what the plaintiff must show to substantiate the allegations of that section. There are three elements that must be shown: (1) a fraud occurred, (2) debtor intended to defraud creditor, and (3) the fraud created the debt that is the subject of the complaint. <u>In Re Basel Van Aswegen</u>, 366 BR 850 (N.D. Il. 2007). The complaint filed by the plaintiff herein alleges all three components.

**WHEREFORE**, M & I BANK prays that this court deny the Defendant's motion to dismiss.

M & I BANK

<u>By: /s/ Steven C. Lindberg</u>

Attorney for Creditor

FREEDMAN, ANSELMO, LINDBERG & RAPPE, LLC

1807 W. Diehl Rd., Ste 333

Naperville, IL  60566-7228
630-983-0770    866-402-8661
630-428-4620 (fax)
Attorney No.   Cook 26122, DuPage 42005, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232
Steven Lindberg- 3126232, Louis Freedman- 3126104, Thomas Anselmo- 3125949
Robert Rappe- 6201817 Doug Oliver - 6273607, Barbara Nilsen- 6287524
Clay R. Mosberg- 1972316, Karl V. Meyer- 6220397, Michael S. Bablo- 6236653
Adam J. Wilde- 6301184, Jason A. Newman, Of Counsel,- 6275591, Cook-  39765
**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**