IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

(B09110020)
IN RE;

|  |  |  |
|---|---|---|
|  | ] | **Bankruptcy No. 09-35697** |
| **Cecilia Johnson,** | ] |  |
| Debtor | ] | **Judge Jack Schmetterer** |
|  | ] |  |
| **Swift Financial/M & I BANK FSB** | ] |  |
| Plaintiff | ] | Adversary No. 09-01339 |
|  | ] |  |
| Vs. | ] |  |
|  | ] |  |
| **Cecilia Johnson** | ] |  |
| Defendant | ] |  |

**SECOND AMENDED COMPLAINT SEEKING NONDISCHARGEABILITY OF DEBT**

Plaintiff Swift Financial/M & I Bank for its Complaint Seeking Nondischargeability of Debt against Defendant Cecilia Johnson, states and alleges as follows:

JURISDICTION

1. This court has jurisdiction over this cause pursuant to 28 U.S.C. Sec 1334. This is a core proceeding pursuant to 28 U.S.C. sec 157(b)(2)(I); and venue of this adversary proceeding is with this Court pursuant to 28 U.S.C. Sec 1408 in that Defendant is a debtor in this bankruptcy proceeding and a resident of the State of Illinois. That this complaint is brought pursuant to Sec. 523(a)(2)(A) of the Bankruptcy Code.

GENERAL BACKGROUND FACTS

2. Plaintiff , Swift Financial/M & I Bank FSB , is the lender of the unsecured line of credit that is the subject of this lawsuit which was originated by telephone with a company called Swift Financial Corporation, and that as reflected in attached exhibit hereto Swift Financial Corp and Swift Financial/M & I Bank (hereinafter referred to as "Lender") are to be treated as one and the same entity

for purposes of the credit line agreement, as per exhibit #1 attached hereto and made a part hereof.

3. Cecilia Johnson (hereinafter referred to as "Debtor") filed her petition for relief under Chapter 7 of the Bankruptcy Code on October 5, 2009.

BASIS OF COMPLAINT FOR NONDISCHARGEABILITY

4. Pursuant to information given to lender, Debtor is or was owner of a business called Amoah Enterprises LLC (hereinafter referred to as "Amoah").

5. On or about February 21, 2008, Debtor telephonically applied for and obtained an unsecured line of credit from Lender with a maximum credit limit of $20,000.00 for Amoah as borrower. The loan is evidenced by a certain Line of Credit Agreement and the supporting loan application (collectively, the "Note") which provides that its terms are ratified upon the borrower writing a check to activate the line of credit. Subsequent to obtaining the unsecured line of credit, the Debtor activated the line of credit.

6. That as part of the February, 2008, telephonic application process, Debtor represented to the Lender by that she earned $88,000.00 from her grocery business in 2007. A true and accurate copy of the summary of the telephonic loan application is attached hereto as exhibit #3 and made a part hereof.

7. That on February 22, 2008, per the request of Debtor, Lender wire transferred $19,500.00 to the account of Amoah as per exhibit #2 attached hereto and made a part hereof.

8. That pursuant to the terms of the Line of Credit Agreement (exhibit #1) Debtor is jointly and individually liable for all obligations arising out of the loan transaction.

9. That pursuant to the Bankruptcy Statement of Financial Affairs filed by Debtor her personal income for the year 2007 was $42,500.00.

10. Upon information and belief, in order to induce Lender to approve the loan, Debtor

intentionally made verbal representations to Lender during the telephonic loan application process that overstated and misrepresented the Debtor's personal income. Lender reasonably and justifiably relied upon Debtor's representations during the telephonic loan application process in approving the February loan to Debtor.

11. But for the verbal misrepresentations made by Debtor, Lender would not have approved the loan to Debtor.

12. Lender has sound reason to believe that certain of the verbal representations made by Debtor in February, 2008, during the telephonic loan application concerning the Debtor's personal income were false and misleading, and done so intentionally.

13. That Amoah and Debtor have defaulted on their obligations to Lender by failing to make payments to Lender since June, 2009.

14. As of the filing of the bankruptcy petition, the balance owing under the loan agreement was $19,969.18.

15. That as a result of Debtor's fraudulent actions Lender has suffered damages in the amount of $19,969.18.

16. That pursuant to Sec 523(a)(2)(A) of the Bankruptcy Code the Debtor obtained money from Lender by false pretenses, false representations and actual fraud, and the debt to Lender is nondischargeable.

**WHEREFORE**, Swift Financial/M & I Bank prays for relief on this complaint against Cecilia Johnson for a determination of nondischargeability of debt of the loan made by Swift Financial/M & I Bank to Debtor, and for judgment in the amount of $19,969.18 plus attorney fees and costs, and for such other relief as this court may deem just

                                                    Swift Financial/M & I Bank

                                                    By:/s/Steven C. Lindberg
                                                      One of the Attorneys

**FREEDMAN, ANSELMO, LINDBERG & RAPPE, LLC**

**1807 W. Diehl Rd., Ste 333**

**Naperville, IL  60566-7228**
630-983-0770    866-402-8661
630-428-4620 (fax)
Attorney No.  Cook 26122, DuPage 42005, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232
Steven Lindberg- 3126232, Louis Freedman- 3126104, Thomas Anselmo- 3125949
Robert Rappe- 6201817 Doug Oliver - 6273607, Barbara Nilsen- 6287524
Clay R. Mosberg- 1972316, Vincent A. Chavarria- 6291469
Jason A. Newman, Of Counsel,- 6275591, Cook-  39765

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**