# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
|     d/b/a Fresh Harvest Market | ) | |
|     Debtor and Debtor in Possession | ) | Judge Schmetterer |
| | ) | |
| Jointly Administered with: | ) | |
| | ) | |
| | ) | Chapter 11 |
| Cecelia N. Johnson | ) | Case No. 09-37011 |
|     Debtor and Debtor in Possession | ) | |
| _____ | ) | |
| | ) | |
| M&I Bank, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 01339 |
| | ) | |
| Cecelia N. Johnson | ) | |
|     Defendant. | ) | |

## NOTICE OF MOTION

To:    See attached service list

    PLEASE TAKE NOTICE that on **May 6, 2010 at 10:30 a.m.,** the undersigned will appear before the Honorable Judge Jack B. Schmetterer, Bankruptcy Judge, in Courtroom 682, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois the Bankruptcy Court for the Northern District of Illinois, Eastern Division, and shall then and there present **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT SEEKING NONDISCHARGEABILITY OF DEBT**, a copy of which is enclosed herewith and served upon you.

                                                               /s/ Philip Groben

Forrest L. Ingram, #3129032
Philip Groben
Vik Chaudhry
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

## CERTIFICATE OF SERVICE

      I, Philip Groben, an attorney, certify that I have served a true and correct copy of the above and foregoing notice and the documents to which it refers on those whose names appear on the attached services list by electronic case filing, or by US Mail, as indicated on the list, on April 20, 2010.

      /s/    Philip Groben

## SERVICE LIST

**Via CM/ECF**
**US Trustee**
William T. Neary
Office of the United States Trustee
Northern District of Illinois
219 S. Dearborn St., Room 873
Chicago, IL 60604

**M&I Bank**
c/o Steven C Lindberg
Freedman Anselmo Lindberg and Rappe
1807 W Diehl Road
Suite 333
Naperville, IL 60566

**Via U.S. Mail**
**Debtor**
Cecelia Johnson
6448 S. Eberhart
Chicago, IL 60637

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
|    d/b/a Fresh Harvest Market | ) | |
|    Debtor and Debtor in Possession | ) | Judge Schmetterer |
| | ) | |
| Jointly Administered with: | ) | |
| | ) | |
| | ) | Chapter 11 |
| Cecelia N. Johnson | ) | Case No. 09-37011 |
|    Debtor and Debtor in Possession | ) | |
| _____ | ) | |
| | ) | |
| M&I Bank, | ) | |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 01339 |
| | ) | |
| Cecelia N. Johnson | ) | |
|    Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT SEEKING NONDISCHARGEABILITY OF DEBT**

NOW COMES the Defendant Cecelia N. Johnson ("Mrs. Johnson" or "Debtor"), by and through her attorneys, and moves this Court to dismiss Plaintiff's Second Amended Complaint and to dismiss the above captioned adversary case ("Adversary") filed by Plaintiff M&I Bank due to a failure to comply with the Federal Rules of Civil Procedure. Mrs. Johnson states as follows:

  1. On October 5, 2009, the Mrs. Johnson filed a voluntary chapter 11 petition in the Northern District of Illinois, Case No. 09-37011. Upon motion by the Debtor, Case No 09-37011 is now jointly administered with lead case My Ranch, Inc., Case No. 09-35697.

1

2. On December 30, 2009, Plaintiff M&I Bank ("Plaintiff" or "M&I Bank") filed the above captioned Adversary Complaint, 09-01339, to determine the dischargeability of debt.

3. Upon motion of Mrs. Johnson, Plaintiff's original Complaint was dismissed without prejudice on February 9, 2010.

4. Upon motion of Mrs. Johnson, Plaintiff's Amended Complaint was dismissed without prejudice on March 30, 2010.

5. Plaintiff filed its Second Amended Complaint on April 6, 2010. Plaintiff again seeks relief pursuant to 11 U.S.C. § 523(a)(2)(A).

6. Mrs. Johnson asks that in addition to an order granting judgment in her favor, that this Court enter an award in favor of the Debtor for the costs, of, and reasonable attorney's fees for, the defense against Plaintiffs Complaint pursuant to §523(d) as the position of M&I Bank is not substantially justified.

**PLAINTIFF'S SECOND AMENDED COMPLAINT MUST BE DISMISSED SINCE IT FAILS TO ADEQUATELY STATE A CLAIM UNDER 11 U.S.C. § 523(a)(2)(A)**

7. A complaint will only survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) if its factual allegations are strong enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Federal Rule of Civil Procedure 12(b) – (h) applies in bankruptcy adversary proceedings through operation of Federal Rule of Bankruptcy Procedure 7012.

8. Bankruptcy Code section 523(a)(2)(A) states,

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other then a statement respecting the debtor's or an insider's financial condition

2

11 U.S.C. § 523(a)(2)(A).

9. Rule 8(a)(2) of the Federal Rule of Civil Procedure requires a claim for relief to contain, "a short and plain statement of the claim showing that the pleader is entitled to relief…" Federal Rule of Civil Procedure 8 applies in adversary proceedings through operation of Federal Rule of Bankruptcy Procedure 7008.

10. Rule 9(b) of the Federal Rule of Civil Procedure requires, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Federal Rule of Civil Procedure 9 applies in adversary proceedings through operation of Federal Rule of Bankruptcy Procedure 7009.

11. The U.S. Supreme Court held that this heightened pleading requirement mandates that plaintiffs include enough facts in their complaint to make it plausible that they will be able to prove facts to support their claims. *Twombly*, 550 U.S. at 555-58. ". . . [W]here the well-pleaded facts do not permit the court to infer more then the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)).

12. Pursuant to the above case law and statutes, Plaintiff's Second Amended Complaint is deficient pursuant to Federal Rule of Civil Procedure 12(b)(6) for three reasons:

**I:  The Plaintiff has failed to attach documents which are relevant to its support of the allegations of fraud on the part of Mrs. Johnson**

13. During the hearing on the original Complaint, which took place February 9, this Court took particular interest in the lack of supporting documents which showed Mrs. Johnson entered into a personal guarantee.

14. During the hearing on the Amended Complaint, which took place on March 30, this Court again took notice of the lack of supporting documents.

15. Once again, the Plaintiff has failed to present this Court with a single piece of paper that was signed by Cecelia N. Johnson which purports to show an intent to enter into an unsecured line of credit or which purports to show an intent for Cecelia N. Johnson to personally guarantee an unsecured line of credit.

16. The exhibits attached to the Amended Complaint do not support any of the Amended Complaint's allegations.

17. Exhibits 2 and 3 are simply internal documents from M&I Bank and do not support any of Plaintiff's vague allegations.

18. As such, Plaintiff's Second Amended Complaint has not met the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

**II:  Section 523(a)(2)(A) clearly provides an exception to the false pretenses, representation, or actual fraud.**

19. Relief under 523(a)(2)(A) cannot be premised upon statements respecting the financial condition of the debtor, or an insider of the debtor.

20. For the purposes of 12(b)(6), the Court must assume that the allegations found in paragraphs 6, 9, 10, and 12 of the Amended Complaint are true.

4

21. Those above paragraphs all contain allegations that Mrs. Johnson misrepresented her personal income.

22. The Tenth Circuit stated,

> Title 11, United States Code § 523(a)(2)(A) generally bars the discharge of the debts of an individual debtor to the extent that those debts were obtained by false pretenses, a false representation, or actual fraud. However, to the extent that those debts were obtained by the use of a false oral statement respecting the debtor's or an insider's financial condition, they are dischargeable. We hold that such false statements are those that purport to present a picture of the debtor's overall financial health. Statements that present a picture of a debtor's overall financial health include those analogous to balance sheets, income statements, statements of changes in overall financial position, or income and debt statements that present the debtor or insider's net worth, overall financial health, or equation of assets and liabilities.

*In re Joelson*, 427 F.3d 700, 714 (10th Cir. 2005).

23. Any alleged false statements regarding Mrs. Johnson's income in 2007 is simply a statement of her financial condition. Plaintiff has, in effect, pled itself out from relief pursuant to § 523(a)(2)(A).

**III: Assuming, *arguendo*, that Plaintiff's attached documents are relevant to its allegations of fraud on the part of Mrs. Johnson, Plaintiff's Second Amended Complaint is internally inconsistent regarding the effect of any alleged statements of Mrs. Johnson.**

24. In Paragraph 8 of the Second Amended Complaint, Plaintiff alleges that "pursuant to the terms of the Line of Credit Agreement (exhibit #1) [Mrs. Johnson] is jointly and individually liable for all obligations arising out of the loan transaction."

25. The terms of the alleged Line of Credit Agreement attached to Plaintiff's Second Amended Complaint as Exhibit #1 clearly state;

> ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE, REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED THAT IS IN

5

> ANY WAY RELATED TO THE CREDIT AGREEMENT. TO PROTECT YOU (BORROWS) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN YOU AND US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

Exhibit 1 of Plaintiffs Second Amended Complaint (emphasis in original).

26. Plaintiff alleges in Paragraph 5 that Mrs. Johnson telephonically applied for, and obtained via telephone, an unsecured line of credit from Plaintiff. Paragraph 6 contains Plaintiff's allegations that Mrs. Johnson orally represented her 2007 income to be $88,000.00. Paragraphs 10, 11, and 12 allege that it was because of Mrs. Johnson's oral representations that M&I Bank extended a line of credit.

27. The entirety of Plaintiff's Second Amended Complaint rests upon allegations of an oral agreement, entered into via telephone on February 21, 2008.

28. Plaintiff's allegation of an oral agreement to loan money is inherently inconsistent with the purported terms of the line of credit found in Exhibit #1, made a part of the Second Amended Complaint in Paragraph 8.

29. Furthermore, the Second Amended Complaint is ambiguous as to which party the line of credit was extended. Paragraph 5 alleges Amoah Enterprises, LLC ("Amoah") was the borrower; however, Exhibit 1, which the Plaintiff refers to as the terms of the Line of Credit Agreement clearly labels itself as a "Swift Business Line of Credit Agreement *Especially for* CECELIA JOHNSON[.]" *See* Exhibit 1 of Plaintiff's Second Amended Complaint (emphasis in original).

6

30. Such self-contradictory pleadings are illustrative of the Second Amended Complaint's failure to meet the heightened pleading requirements under *Twombly* and *Iqbal*.

31. Due to the contradicting nature of the pleadings, the allegations of the Plaintiff must be considered as nothing more then legal conclusions and recitals of the elements of a cause of action.

32. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Because the Second Amended Complaint does not permit the Court to infer more then the mere possibility of misconduct, the Second Amended Complaint has not shown that the Plaintiff is entitled to relief.

**WHEREFORE**, Debtor prays that this Court dismiss the Plaintiff's Second Amended Complaint in its entirety, dismiss this adversary case with prejudice, and award costs and attorney's fees to the Debtor for her defense against Plaintiff's legally insufficient Complaint, and such other and further relief as may be just.

        Respectfully submitted,
        Cecelia N. Johnson

    By:    /s/ Philip Groben
            One of her attorneys

Forrest L. Ingram #3129032
Philip Groben
Michael Ohlman
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

7